
# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

### JOHN ANTHONY GENTRY v. KATHERINE WISE GENTRY

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2014-CV-393  Joe Thompson, Judge**

_____

### No. M2016-01765-COA-R3-CV

_____

Appellant seeks review of three appellate judges' denial of his motion asking them to recuse themselves. We find no bias, and no error, in the matters appellant raises and therefore deny the motion to recuse the judges.

**Tenn. R. App. P. 3 Motion for Recusal; Motion for Court Review Denied**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

John Anthony Gentry, Goodlettsville, Tennessee, Pro Se.

Pamela Anderson Taylor, Nashville, Tennessee, for the appellee, Katherine Wise Gentry.

### OPINION

#### BACKGROUND

This is an unusual matter arising out of the Gentrys' divorce in which Mr. Gentry ("Husband") is challenging the appellate judges' decision not to recuse themselves. We begin with a recitation of the facts as taken from the parties' filings:

1. On April 9, 2014, Ms. Gentry ("Wife") filed a Complaint for Divorce against Husband.

2. On July 20, 2015, Husband filed a Motion to Request the Honorable Judge Thompson to Recuse Himself and to Declare a Mistrial of Petition for Contempt Hearing or in the Alternative to Reconvene Hearing for Petition for Contempt.

3. Husband's July 20, 2015, motion to recuse was heard by the trial court on August 7,

2015.

4. On September 9, 2015, the trial court entered an order denying Mr. Gentry's motion to recuse.

5. On May 2 and 3, 2016, the trial court conducted a final hearing on the underlying divorce proceeding.

6. On July 14, 2016, the trial court entered a memorandum opinion and order addressing the parties' underlying divorce action and the relevant issues related thereto.

7. On July 25, 2016, Mr. Gentry filed, pursuant to Tennessee Rule of Civil Procedure 59, an Amended Motion to Alter the Court's July 14, 2016 Final Judgment, Memorandum Opinion and Order.

8. On August 12, 2016, the trial court entered an order denying Husband's Rule 59 motion.

9. On August 22, 2016, Husband filed the Petition for Recusal Appeal with the Court of Appeals, which was issued appeal number M2016-01731-COA-T10B-CV.

10. On August 24, 2016, Husband filed a notice of appeal regarding his divorce in the trial court. It was eventually assigned appeal number M2016-01765-COA-R3-CV.

11. On September 1, 2016, this Honorable Court entered an order requiring Wife to file an answer to Husband's Petition for Recusal Appeal within fourteen (14) days.

12. On September 8, 2016, Husband supplemented his petition for recusal.

13. On September 9, 2016, Wife filed a response, a motion to dismiss the Rule 10B petition, and a request for an extension of time to file a response to Husband's petition for recusal.

14. On September 12, 2016, Husband filed a response to Wife's motion to dismiss, a response to Wife's motion for an extension of time, and a request for oral argument on his petition for recusal.

15. On September 14, 2016, the Court of Appeals granted Wife's motion for an extension of time.

16. On September 30, 2016, Wife filed an answer to Husband's petition for recusal.

17. On October 3, 2016, Husband filed a motion, along with a memorandum of law, to

stay the Rule 10B proceedings pending a decision by the Middle District federal court "regarding Husband's complaint in Federal Court that his constitutionally protected civil right to be heard was violated by the trial court judge multiple times in a variety of procedural and judicial errors, during the divorce case underlying this Petition for Recusal Appeal."

18. On October 6, 2016, the Court of Appeals, by a panel consisting of Judges Clement, Frierson and Armstrong, dismissed Husband's petition for recusal, stating that, because the trial court had entered a final judgment from which Husband had appealed, the proper avenue for raising the recusal issue was through that appeal. The Court, by separate order, also denied the motion to stay the recusal proceedings.

19. On October 31, 2016, Husband filed, in this appeal of his divorce, a motion to exceed the page limitations for a brief and an explanation of that limitation.

20. On November 1, 2016, Wife responded that there was no good cause for allowing Husband to exceed the page limitations of the appellate rules.

21. On November 3, 2016, the Court filed an order denying the motion to exceed the page limitations, explaining that "[t]he 50 page limit applies only to the argument section of the appellant's brief." Judge Clement was the motions judge.

22. On November 8, 2016, Husband filed a motion to recuse the appellate panel assigned to his appeal.

23. On November 16, 2016, the appellate panel, composed of Judges Clement, Frierson and Armstrong, denied the motion to recuse.

24. On November 22, 2016, in the appeal of the divorce, Husband filed a motion for court review of the denial of his motion to recuse the appellate judges.

STANDARD OF REVIEW

Tennessee Supreme Court Rule 10B governs recusals. Section 3 of that rule addresses recusal of appellate judges. TENN. SUP. CT. R. 10B § 3. Our standard of review, stated in Rule 10B, § 3.02, is de novo. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting BLACK'S LAW DICTIONARY 392 (5th ed. 1979). Thus, we examine the factual record anew, with no presumption of correctness, and reach our own conclusion.

ANALYSIS

We begin our discussion by noting that this is not a continuation of the Tenn. Sup. Ct. R. 10B interlocutory appeal. That matter is over. The mandate was issued November 17, 2016. This recusal motion is in the context of the Tenn. R. App. P. 3 divorce appeal. Mr. Gentry apparently intends to raise the recusal of the trial judge in his appeal and does not want Judges Clement, Armstrong, or Frierson to rule on the trial judge's recusal or, presumably, any other issue in his divorce appeal.

We also note that Mr. Gentry is representing himself.

> "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."

*Watson v. City of Jackson*, 448 S.W.3d 919, 926-27 (Tenn. Ct. App. 2014) (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

In support of his motion to recuse the panel, Mr. Gentry asserts that certain rulings in his 10B appeal and his divorce appeal are erroneous and evidence of bias against him. We will examine each of these rulings.

Mr. Gentry states that the "Court did not state any facts or legal basis for denial of Appellant's Petition for Recusal Appeal." The operative paragraph of the Court's order states:

> Review of a trial court's decision on a motion to recuse may be sought by filing either a Tenn. Sup. Ct. R. 10B petition for recusal appeal within fifteen days after entry of the trial court's order or a Tenn. R. App. P. 3 appeal as of right after entry of a final judgment. TENN. SUP. CT. R. 10B, § 2.01. While the husband's petition for recusal appeal appears to be untimely, the trial court has now entered a final judgment and the husband has filed a Tenn. R. App. P. 3 notice of appeal, Appeal No. M2016-01765-COA-R3-CV. Thus the Tenn. R. App. P. 3 appeal is now the proper method to appeal the recusal order. Because the trial court has entered a final judgment and the husband may raise any issues related to the recusal order in his Tenn. R. App. P. 3 appeal as of right, a Tenn. Sup. Ct. R. 10B

accelerated interlocutory appeal as of right is both inappropriate and unnecessary.

Tennessee Supreme Court Rule 10B, section 3.02 states that, "[i]f the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion." The order of the Court provides guidance as to the grounds. Rule 10B requires an interlocutory appeal of a judge's denial of a recusal motion within fifteen days. TENN. SUP. CT. R. 10B § 2.02. The trial court entered an order denying Mr. Gentry's motion to recuse on September 9, 2015. Not until nearly a year later, August 22, 2016, did Mr. Gentry file his petition for recusal appeal with the Court of Appeals. Mr. Gentry suggests that he filed the petition within 15 days of the trial court's ruling on his rule Tenn. R. Civ. P. 59 motion. Tennessee Supreme Court Rule 10B specifically states that an accelerated interlocutory appeal must be filed within fifteen days of the denial of the motion for disqualification or recusal by the trial court judge. It does not allow a litigant to wait to see how the judge ultimately rules and then piggy-back on a Rule 59 motion to gain an appeal. At that point, after the final judgment, the appeal can no longer be interlocutory.[1] After a final judgment, the matter can only be raised in an appeal pursuant to Tennessee Rule of Appellate Procedure 3. TENN. SUP. CT. R. 10B § 2.01.

Mr. Gentry strongly maintains that "[a] simultaneous Rule 3 appeal does not preclude a Rule 10B appeal." He cites no legal authority for this proposition, arguing only that the Court's order represents "flawed logic." Because a Rule 10B interlocutory appeal can only occur *before* a final judgment, and Mr. Gentry's Rule 10B appeal was filed *after* a final judgment, there is no flawed logic here.

Mr. Gentry also focuses on the Court's statement that his petition for recusal "appears to be untimely." Those words are a reference to the fact that the fifteen days were to run from the date of the judge's order denying recusal—September 9, 2015. In our view, these words were merely an attempt to soften the blow of Mr. Gentry's failure to take action at the proper time. We attach no nefarious purpose to the use of "appears." The Court clearly ruled that Mr. Gentry filed the Rule 10B appeal too late.

Mr. Gentry also alleges a violation of due process. He cites no legal authority for his very brief argument on this point. Mr. Gentry is receiving the process he is due under the appellate rules and the Supreme Court rules.

We find no evidence of bias in this ruling.

---

[1] "Interlocutory is defined as provisional, temporary, not final, i.e., something intervening between the commencement and the end of a suit which decided some point or matter, but is not a final decision of the whole controversy." *State v. Owens*, No. 1248, 1990 WL 5259, at *1 (Tenn. Ct. Crim. App. Jan. 25, 1990) (citing BLACK'S LAW DICTIONARY 952 (4th ed.)).

Mr. Gentry also takes issue with the Court's decision not to allow him to exceed the page limitations for appellate briefs set out in Tenn. R. App. P. 27. He attempted to justify the need for extra length on the basis that he intended to raise thirty-five separate issues for review, that there were many pages of facts to consider about the recusal issue alone, and that the proposed findings of fact and conclusions of law filed by the parties in the trial court were each beyond fifty pages.

As we indicated earlier, pro se litigants are still bound by the procedural rules. The pertinent rule here is Tennessee Rule of Appellate Procedure 27(i), which limits the arguments in principal briefs to fifty pages unless the court orders otherwise. The Court stated that "we find insufficient grounds to waive the 50 page limit." At Mr. Gentry's request, the Court expressly stated that the fifty page limit applied only to the argument section of the brief.

Because the page limit applies only to arguments, the fact section of Mr. Gentry's brief can be as long as he feels is necessary. Mr. Gentry, like any other person appearing before the appellate courts, must make choices. Among those choices are which issues to raise. Mr. Gentry apparently wants to raise as an issue every possible thing that the trial court might have gotten wrong. This is an approach many people use and it is one that he thinks is uniformly discouraged by judges and legal commentators as being counter-productive. *See, e.g.,* Pierre Bergeron, *Sixth Circuit Gives Not-So-Gentle Reminder About Limiting Issues For Appeal*, SIXTH CIRCUIT APPELLATE BLOG (Aug. 31, 2012, 11:02 AM), http://www.sixthcircuitappellateblog.com/recent-cases/sixth-circuit-gives-not-so-gentle-reminder-about-limiting-issues-for-appeal/ ("[I]ncluding sundry issues for appeal weakens the strength of whatever the strongest arguments might be. A party is not realistically going to win on nine different issues . . . . Therefore, narrowing the focus and pursuing only the most credible and supportable grounds is likely to maximize chances for achieving the desired result."); *Pierce v. Visteon Corp.*, 791 F.3d 782, 788 (7th Cir. 2015) ("[The brief] presents 13 issues for decision, violating the principle that appellate counsel must concentrate attention on the best issues. (To brief more than three or four issues not only diverts the judges' attention but also means that none of the issues will be addressed in the necessary depth; an appellate brief covering 13 issues can spend only a few pages on each.)").

The fifty-page argument limit was established "based on the expectation that most arguments need not extend beyond the 50 pages authorized under subdivision (i)." TENN. R. APP. P. 27, advisory comments. It also serves the salutary purposes of forcing an appellant to determine what issues are the important ones and encouraging direct and concise writing. In light of the purposes of the fifty page limit, and the reasons offered by Mr. Gentry for wanting to exceed it, we find that he has not shown a true need for more than fifty pages of argument. We find no bias in the panel's decision. The fifty page limit does not deny Mr. Gentry his "forum." We, too, would deny the motion to exceed the page limit.

Finally, Mr. Gentry attacks the panel's order itself. The panel observed in the order denying recusal:

> [A] judge's adverse ruling is not usually sufficient to establish bias. *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). This is because rulings of a judge, "even if erroneous, numerous and continuous, do not, without more, justify disqualification." *State v. Alley*, 882 S.W.2d 810, 821 (Tenn. Ct. Crim. App. 1994).

Mr. Gentry argues that "erroneously" not hearing his matter is a violation of due process. First of all, we have already determined that the court did not erroneously refuse to hear the 10B interlocutory appeal. Second, platitudes about due process do not substitute for legal authority. Mr. Gentry provides no legal citations for his due process theory. Third, the "even if erroneous" language of the court's order is not an admission of error. It is a statement that even incorrect decisions are not necessarily evidence of bias. Fourth, Mr. Gentry argues that the September 1, 2016 order requiring Ms. Gentry to file an answer to his petition is a recognition that his recusal appeal was timely filed. Nothing in the order says that. The order seeks to have Ms. Gentry tell her side before a decision was made to take the appeal. Fifth, Mr. Gentry is correct that "even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if 'the judge's impartiality might reasonably be questioned.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001) (quoting TENN. SUP. CT. R. 10, Cannon 3(E)(1)). The key is that the judge's impartiality must be *reasonably* questioned. Filing a per curiam order is not evidence of bias. Mr. Gentry has offered nothing but misinterpretation of rules and case law combined with unsupported suspicion to justify the recusal of the panel. His arguments are not reasonable.

In our opinion, the panel's rulings and orders were correct and do not establish bias. Costs associated with this opinion will be assessed at the end of the appellate proceedings.

_____
ANDY D. BENNETT, JUDGE